ON APPLICATION FOR ADMISSION TO THE BAR
|7PER CURIAM.
Petitioner, Gregory C. Bachaud, applied to sit for the February 2000 Louisiana bar examination. On his application, petitioner disclosed an unpaid child support judgment, and he provided the Committee on Bar Admissions (“Committee”) with a detailed explanation of the circumstances surrounding the judgment. However, petitioner failed to provide “written proof of a payment plan” with his former wife; as a result, the Committee informed him that he did not satisfy his burden of establishing good moral character and fitness, which would cause the Committee to recommend that petitioner’s application for admission be denied.
This court subsequently permitted petitioner to sit for the February bar examination, with the condition that upon successful completion of the examination, he provide details to this court concerning the outstanding child support judgment. In re: Bachaud, 00-0394 (La.2/9/00), 754 So.2d 242. On September 22, 2000, the Committee notified petitioner that he had successfully passed the essay portion of the Louisiana bar examination. On September 25, 2000, petitioner filed his application for admission in this court.
After reviewing the evidence and considering the law, we conclude petitioner is eligible to be conditionally admitted to the practice of law in Louisiana, subject to a probationary period of eighteen months. During this period, petitioner shall provide | ¡.evidence to the Committee, on at least a quarterly basis, demonstrating that he has made a good faith effort to satisfy his financial obligation to his former wife. Should petitioner fail to make a good faith effort to satisfy his financial obligation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.